Brian M. Holm (California State Bar No. 255691)
HOLM LAW GROUP, PC
171 Saxony Road, Suite 203
Encinitas, California 92024
p. 858.433.2001  f. 888.483.3323
brian@holmlawgroup.com

John J. O'Brien (California State Bar No. 253392)
THE O'BRIEN LAW FIRM, APLC
1804 Garnet Ave., Suite 408
San Diego, California 92109
p. 619.535.5151
john@theobrienlawfirm.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE NOS. 1 through 40, inclusive, individuals;<br><br>    Plaintiffs,<br><br>v.<br><br>MG FREESITES, LTD., dba "PORNHUB," a foreign entity; MINDGEEK S.A.R.L. a foreign entity; and MINDGEEK USA INCORPORATED, a Delaware corporation;<br><br>    Defendants. | Case No.: 3:20-cv-02440-WQH-KSC<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY AND FOR PROTECTIVE ORDER**<br><br>Date: January 26, 2021<br>Dept.: 14B<br>Judge: Hon. William Q. Hayes<br><br>Complaint Filed: December 15, 2020<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

///

///

Plaintiffs") respectfully submit this memorandum in support of their motion to proceed anonymously in the action and for a protective order prohibiting disclosure of their true identities.

I.

## INTRODUCTION

This is a sex trafficking action pursuant to 18 USC § 1595 ("Section 1595"). Plaintiffs are young, female victims of a heinous and fraudulent scheme by the operators of www.GirlsDoPorn.com ("GirlsDoPorn") to induce Plaintiffs into Internet pornographic videos. Plaintiffs bring this action against the defendants in this action, MindGeek S.a.r.l., MG Freesites, Ltd., and MindGeek USA Incorporated (collectively, "MindGeek"), because they knew—or should have known—they were participating in and benefitting from GirlsDoPorn's sex trafficking venture.

As a result of GirlsDoPorn's sex trafficking (and MindGeek's proliferation and marketing of Plaintiffs' GirlsDoPorn videos), Plaintiffs suffered brutal harassment, threats, and blackmail from Internet stalkers and other third parties, leading almost all Plaintiffs to lose jobs and relationships, and to endure extensive emotional damages, including suicidal ideation.

Plaintiffs sued GirlsDoPorn in the Superior Court of California for the County of San Diego ("the Superior Court"). *Jane Does No. 1–22 v. GirlsDoPorn.com, et al.*, Cal. Super. Ct. San Diego County, Case No. 2016-19027 (the "State Action"). At trial, the Superior Court found GirlsDoPorn liable for fraud and other claims, awarded significant damages, voided purported release agreements, and permanently enjoined the GirlsDoPorn's businesses practices.

During the State Action, the United States Attorney's Office for the Southern District of California indicted GirlsDoPorn for violating federal sex trafficking laws (18 USC § 1591). *United States v. Pratt, et al.*, No. 3:19-cr-04488, S.D. CA (the "Criminal Action"). Of GirlsDoPorn, owner Michael Pratt fled the country during trial in the State Action (and is on the Federal Bureau of Investigation's Most Wanted List), co-owner

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED ANONYMOUSLY
AND FOR PROTECTIVE ORDER                                    20CV02440

Matthew Wolfe is in custody awaiting his criminal trial, and recruiter/pornography actor Andre Garcia is in custody, recently plead guilty, and is awaiting sentencing.

Given the highly sensitive, personal, and sexual nature of the subject matter, as well as the threats and harassment Plaintiffs have suffered, in both the State Action and the Criminal Action, the courts permitted Plaintiffs to proceed with pseudonyms. In the State Action, the Superior Court permitted "Jane Doe 1, Jane Doe 2, *et seq.*" and, in the Criminal Action, the victims—***all of whom are also plaintiffs in this action***—are proceeding as "Victim 1, Victim 2, *et seq.*"

Pursuant to applicable Ninth Circuit law, Plaintiffs ask this Court for the same protection. This Court should allow Plaintiffs to proceed anonymously as Jane Does, prohibit publication of Plaintiffs' true identities in the Court's public docket, and prohibit the MindGeek Defendants and their agents from disclosing Plaintiffs' true identities.

## II.
## BACKGROUND

### A.     GirlsDoPorn Falsely Promised the Plaintiffs Anonymity

GirlsDoPorn maliciously shattered Plaintiffs' privacy rights after specifically and expressly promising to preserve them. *See* Plaintiffs' Complaint (the "Complaint"), at ¶¶ 54, 82-109. GirlsDoPorn (and their paid and trained reference women) induced Plaintiffs to appear in the subject pornographic videos by concealing their identities and falsely representing that the videos would *never* be published online—only to publish each video on GirlsDoPorn's subscription website and dozens of free websites they used for marketing, such as on www.PornHub.com ("PornHub"), owned and operated by MindGeek. *Id.* GirlsDoPorn also expressly—and falsely—promised Plaintiffs they would remain anonymous, writing in emails: "None of your personal information will be given out in the video or afterwards, no names etc [sic] are used in the video." *Id.*

///

///

Relying on the false statements and omissions of GirlsDoPorn and their reference women, Plaintiffs engaged in sexual acts for GirlsDoPorn on camera. *Id.* GirlsDoPorn later released both the pornography videos on the Internet and released Plaintiffs' names, phone numbers, emails, and social media information on websites dedicated to "outing" women who appeared in the GirlsDoPorn's videos. *Id.*

The Internet video releases, and the releases of Plaintiffs' names and contact information, caused enormous emotional and other trauma, including, without limitation: (a) links to the sex videos were sent to Plaintiffs' classmates, parents, siblings, friends, employers, and professors; (b) Plaintiffs received a barrage of email, text message, and social media harassment and threats from strangers and acquaintances; (c) one of Plaintiffs' cars was vandalized; (d) some Plaintiffs were blackmailed and/or extorted by people threatening to send the sex video to friends or family. *Id.*

The emotional harm Plaintiffs suffered was unimaginable. Most Plaintiffs became suicidal, some to the point of calling suicide hotlines to prevent following through; others began harming themselves. Many moved to new towns, quit or were fired from their jobs, lost important relationships, and/or dropped out of school. Some Plaintiffs used new names, deleted social media accounts, changed their appearance, transferred colleges, and took other measures to in an attempt to minimize the harm. *Id.* at ¶¶ 54, 82-109, 117-124.

**B. Plaintiffs and Counsel were Harassed During the State Action**

Before trial in the State Action, GirlsDoPorn took overt actions to intimidate Plaintiffs. *See* the Superior Court's Statement of Decision in the State Action, attached as Exhibit 1 to the Declaration of Brian M. Holm ("Decl. Holm"), at pg. 41:20-42:10. For example, after a plaintiff in the State Action retained counsel in an effort to get a copy of her purported contract with GirlsDoPorn, they leveled significant harassment against her, including sending her pornographic video to students, professors, and administrators at her law school, and they posted false online articles about her, accusing her of being an escort. *Id.* Michael Pratt also disguised as a woman online in order to personally spread

some of the Plaintiffs' videos to their parents and other important persons in their lives. *Id.* at pg. 42:11-14.

A few days before trial in the State Action, the website www.PornWikiLeaks.com (a curated forum dedicated to "outing" women who participate in pornography and compiling personal contact information to torment them) contained numerous threads about the State Action. In one thread, commenters kept a list of who they believed were the Plaintiffs in the State Action and were counting down the days until trial, excited to see whether they had correctly identified each Plaintiff. Someone on the thread also stated regarding Plaintiffs' attorney Brian Holm, threating: "…fuck that piece of shit! he will get his sooner or later thats all I can say. We are not scared of ANY cowardly punk ass lawyers …!" Decl. Holm at Exhibit 3. (sics in original.)

During trial in the State Action, two witnesses testified that GirlsDoPorn or someone on their behalf have offered them money to either refuse to speak with the plaintiffs' lawyers or to engage with the for the purpose of learning information for the GDP Defendants. *Id.* at 42:16-24. GirlsDoPorn took action directly against the plaintiffs' lawyers, posting defamatory articles about them and prank calling them at all hours of the day. Decl. Holm at Exhibit 1 at pg. 42:3-13.

In denying bail in the Criminal Action, this Court relied, in part, on the harassment of the plaintiffs and their counsel in the State Action. *See* Criminal Action at Dkt. 30, ¶ 6 ["According to evidence proffered by the United States, there have been multiple instances of suspected witness intimidation in a related civil case."].

**C. The Superior Court Allowed Plaintiffs to Proceed Anonymously**

In recognition of highly sensitive and sexual facts in the State Action and the threats of harassment (also present in this action, which is based on the same facts), the

///
///
///
///

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED ANONYMOUSLY
AND FOR PROTECTIVE ORDER                                    20CV02440

Superior Court permitted Plaintiffs to proceed under pseudonyms numerous times, from case initiation and through discovery and trial.[1]

## III.

## <u>ARGUMENT</u>

**A. This Court has the Authority to Allow Plaintiffs to Proceed Anonymously**

"Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978). District courts have authority to seal and unseal court records, a power that derives from their inherent supervisory power. *Hagestad,* 49 F.3d at 1434.

While, generally speaking, pleadings must disclose the identities of the litigants [Fed. F. Civ. P. 10(a)], the Ninth Circuit allows plaintiffs to use pseudonyms when nondisclosure is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067-68 (9th Cir. 2000), quoting *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981); *see also Doe v. Steele*, 2020 WL 6712214 at *2 (S.D. Cal. Nov. 13, 2020); and Fed. F. Civ. P. 26(c). "[A] party may preserve his or her need for anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit maintains three scenarios in which the Court may permit plaintiffs to proceed anonymously, two of which are: (1) when there is a risk of

---

[1] *See* the State Action, at Dkt. No. 8 [June 3, 2016]; Dkt. No. 71 [Dec. 14, 2016]; Dkt. No. 160 [March 17, 2017]; Dkt. No. 160 [Sept. 8, 2017]; Dkt. No. 989 [May 24, 2018]; and Dkt. No. 2542 [June 27, 2019 Order Permitting to Proceed to Trial as Jane Does].

After the Superior Court ordered plaintiffs in the State Action to proceed to trial anonymously, GirlsDoPorn filed a Writ of Mandate, which the California Court of Appeal for the Fourth District denied on July 15, 2019 [Case No. D076135]. The California Supreme Court later denied GirlsDoPorn's Petition for Review on July 31, 2019 [Case No. S256949].

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED ANONYMOUSLY
AND FOR PROTECTIVE ORDER                                    20CV02440

retaliatory physical or mental harm; or (2) when anonymity is needed to preserve privacy in a matter of sensitive and highly personal nature. *Id.*

Cases involving an element of "human sexuality" and potential disclosure of facts related to "this sensitive and highly personal area," present "an adequate threat of personal embarrassment and social stigmatization" that the use of pseudonyms is required. *Jane Roes 1-2 v. SFBSC Mgmt.*, 77 F. Supp. 3d 990, 993-94 (N.D. Cal. Jan. 12, 2015). Courts allow human trafficking to protect their identities, so that other victims will not be deterred from reporting such crimes. *See Jane Doe v. Uber Technologies, Inc.*, 17-CV-00950-WHO, Doc. No. 27 (N.D. Cal. Oct. 15, 2015) [the right for privacy for sexual assault and human trafficking survivors overcomes the right for the public interest to know their identities]; *Doe v. Penzato*, No. CV10-5154 MEJ (N.D. Cal. 2011) [human trafficking and sexual battery survivor allowed to proceed anonymously]; *Doe v. Epic Games, Inc.*, ---F.Supp.3d ---, 19 (N.D. Cal. 2020) [sexual abuse and human trafficking cases permit a plaintiff to proceed anonymously]; *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 17 Civ. 218, Doc. 46 at 2-4 (M.D. Fla. 2017) [sex trafficking survivors' right to privacy overcame any right for the public to know their identities].

In fact, permitting plaintiffs to proceed anonymously in such cases "serve[s] the public's interest by enabling [the actions] to go forward," instead of enabling the perpetrators to remain unaccountable. *Advanced Textile Corp.* at 1073, citing *Mitchell v. De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).

**B.      The Balancing Weighs Heavily in Favor of Allowing Anonymous Plaintiffs**

In considering whether to permit Jane Doe status, the Court evaluates five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Advanced Textile Corp* at 1068.

///

///

Here, an evaluation of the factors clearly favors allowing Plaintiffs to proceed with Jane Doe designations:

**Factors No. 1 and 2.**  Plaintiffs clearly face a severe threat of personal embarrassment, social stigmatization, and harm due to harassment and threats stemming from their pornographic videos and sex trafficking – and the Plaintiffs' fears are reasonable, especially considering what occurred before and during the GDP Case.  The Superior Court's Statement of Decision determined that Plaintiffs suffered from "severe harassment, emotional and psychological trauma, and reputational harm; lost jobs, academic and professional opportunities, and family and personal relationships; and had their lives derailed and uprooted." *See* Decl. Holm, <u>Exhibit 1</u>, at ¶¶ 11-14.  This case alleges similar facts and underlying damages.  Complaint at ¶¶ 54, 82-109, 117-124.  Just like in the GDP Case, and all sexual battery and human trafficking cases, disclosing Plaintiffs' identities in this action would unduly subject them to real and unnecessary physical, mental, and economic anguish.

**Factor No. 3.**  Plaintiffs are all young women who, following the harm publication of their pornographic videos caused, are still striving to start their careers and families.  As such, they are particularly vulnerable to retaliation given sexual nature of this case and the Internet, GirlsDoPorn's prior retaliation and witness tampering (and Pratt is still at large), and GirlsDoPorn's Internet cult following.  Complaint at ¶¶ 101-105.  Sex and human trafficking victims are particularly vulnerable.[2]  Moreover, media thoroughly covered the State Action – there are countless new stories on the Internet about the State Action, and television stations covered the trial.  Decl. Holm at ¶ 5.  Finally, just recently, MindGeek's operations have become heavily scrutinized in the political arena and in media.  *Id.*  This action will attract great media attention, making Plaintiffs even more vulnerable.

---

[2] *See* https://www.unodc.org/unodc/en/frontpage/breaking-the-silence-on-human-trafficking.html; *and also* Ruth Rondon, Understanding the 4 Stages of Recovering from Sex Trafficking, Human Trafficking eLearning, (2017).

**Factor No. 4.** MindGeek will not suffer any cognizable prejudice should Plaintiffs to carry out this litigation anonymously. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1067. This case is at the pleadings stage, there is zero prejudice to MindGeek at present, and Plaintiffs propose a protective order whereby they will provide MindGeek and its counsel, agents, and/or experts with their true identities for purposes of defending this action. Plaintiffs merely seek to shield their names from the public record, public discourse, unnecessary third parties, and media.

**Factor No. 5.** The public maintains an interest in whether MindGeek benefitted from GirlsDoPorn's sex trafficking operation and is therefore liable under Section 1595. Further, the public has an interest in this lawsuit going forward, instead of enabling the any perpetrators to remain unaccountable. *Advanced Textile Corp.* at 1073. However, what very little public interest the public has in knowing exactly who the individual Plaintiffs are in clearly outweighed by the privacy and safety concerns in this Internet sex trafficking case, as set forth herein and in the Complaint (e.g., an unconscionable breach of privacy and trust, explicit sex videos of young women who did not want to be in Internet pornography, brutal harassment of the Plaintiffs and their families, GirlsDoPorn's liability in the State Action, and GirlsDoPorn's indictment in this district for federal sex trafficking crimes).

In sum, the balancing test weighs heavily in favor of allowing Plaintiffs to proceed throughout the course of this lawsuit pseudonymously.

## C. The Court Should Issue a Protective Order Barring Disclosure of Plaintiffs' True Identities to the Public and Third Parties

"When the party seeking anonymity meets [their] burden, the court 'should use its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Steele* at *2,

quoting *Advanced Textile* at 1069. "Courts have permitted parties to enter into protective orders that permit the limited disclosure of a plaintiff's identity for discovery purposes on the condition that the defendants do not disclosure it to the general public." *Advanced Textile* at 1069.

Here, to carry into effect the order to proceed anonymously, and to guard against circumvention of the order, the Court should issue a concurrent protective order prohibiting disclosure of Plaintiffs' true identities in Court filings and records, to third parties, and to media.

## III.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court grant this motion, permitting Plaintiffs to proceed anonymously and for a protective order prohibiting disclosure of their true identities.


Dated: December 22, 2020          By:    *s/ Brian M. Holm*_____
                                          Brian M. Holm
                                          John. J. O'Brien
                                          **Attorneys for Plaintiffs**
                                          E-mail: brian@holmlawgroup.com
                                                  john@theobrienlawfirm.com

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED ANONYMOUSLY
AND FOR PROTECTIVE ORDER                                      20CV02440